UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| C.H. et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| vs. | ) | Case No. 4:08CV1304 CDP |
| M&D FREIGHT et al. | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

Lakisha Morris was killed in a car wreck on July 2, 2007. She was survived by her two minor children, her mother, Eva Patrick, and her father, Carl Morris. At the time of her death the children's father, Christopher Hall, Sr., had not been legally recognized as the father of both children, although that has now happened.

Both Eva Patrick and Christopher Hall, Sr., wish to pursue a wrongful death claim against the trucking company and driver involved in the wreck. Patrick filed her suit in the state court in Franklin County, Missouri, which is a proper venue because the wreck happened there, and the case was then removed to this court. Hall filed his suit in the state court in St. Clair County, Illinois, which is a proper venue because the defendant trucking company is an Illinois company. Carl Morris joins with Hall in urging that the Illinois case should go forward; the trucking company joins with Patrick in urging that this case should go forward. I

conclude that the Illinois case is the proper case to go forward, although all parties agree that the Illinois court should apply the substantive Missouri wrongful death statute. To protect the interests of all parties, I will stay, rather than dismiss, this action, pending resolution of matters in the Illinois state court.

The procedural history is complicated, but I will set it out here because I believe understanding the chronology is important. As stated above, the wreck and death was in July of 2007 in Franklin County, Missouri.

On February 13, 2008, Hall filed a paternity action in St. Louis County. As part of the suit he applied for and was appointed Next Friend for the children. *Christopher M. Hall, et. al. v. Chism*, No. 08SL-DR00861 (St. Louis County).

On June 25, 2008, Hall filed a wrongful death suit in St. Clair County, Illinois. *Hall, Special Administrator of the Estate of Lakisha Morris v. M & D Freight et. al.,* No. 08L315 (St. Clair County, IL). Hall was appointed Special Administrator the next day. This was the proper procedure for bringing a wrongful death suit under the Illinois wrongful death statute.

On July 22, 2008, Eva Patrick filed a wrongful death suit individually, and as Next Friend of the minor children, in Franklin County, Missouri. *C.H. Jr. et al. v. M & D Freight, Inc., et. al.,* No. 08AB-CC00203 (Franklin County). She was appointed next friend to represent the minor children the same day. This was the

proper procedure for bringing a wrongful death suit under the Missouri wrongful death statute.

On August 28, 2008, Hall's paternity was established, and Patrick and Hall were granted joint physical and legal custody of the minor children in St. Louis County.

On August 29, 2008, the Franklin County case filed by Patrick was removed to this court.

Confusion then ensued. Hall's attorney filed an entry of appearance for the minor children, even though they were already represented by Patrick's attorney. Hall's attorney filed a motion to remove Eva Patrick as Next Friend of the minor children and to appoint Christopher Hall, Sr. in her place, and a motion to dismiss the case. Hall urges that under the Missouri Wrongful Death statute, MO. REV. STAT. § 537.080 (2008), "only one action may be brought under [the] section against any one defendant for the death of any one person." Because Hall filed his wrongful death action in Illinois first, and because conflict of law principles would likely lead the Illinois court to apply the Missouri Wrongful Death Statute under the facts of this case, Hall urged that I should dismiss this case as it is the second action under the Missouri statute.

Patrick argued, however, that this case should not be dismissed because she,

- 3 -

not Hall, is the proper party to bring the case under the Missouri statute. Under the Missouri Wrongful Death Statute, the proper plaintiffs are "the spouse or children . . . or . . . the father or mother of the deceased . . . ." Hall, as the father of Morris's children, but not her spouse, is not a proper party under Missouri law. Under Illinois law, however, the proper plaintiff in a wrongful death action is the personal representative of the deceased's estate. 740 ILL. COMP. STAT. 180/2 (2008). The Illinois law specifies that the action is "for the exclusive benefit of the surviving spouse and next of kin" of the deceased, and Hall has stipulated, through counsel, that he would not personally receive any funds if he prevailed. Rather, any recovery would go to the minor children, and to the surviving parents, if the court deemed that they were entitled to recover.

Patrick is concerned that, if this case is dismissed in favor of the case in Illinois, she will be cut out of the wrongful death action altogether, even though she is a proper plaintiff and a person entitled to recover under the applicable Missouri law. Patrick may very well be a proper plaintiff in the Illinois action. Illinois has adopted the Second Restatement of Conflict of Laws. *See, e.g. Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007); *Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 919 (Ill. 2007). Under the Second Restatement, "[w]hen the wrongful death statute [that the court applies] provides

that the action shall be brought by a particular person, such as a surviving spouse or other named relative, only the person designated in the statute will be permitted to sue on the claim, and he will be permitted to sue in all states." RESTATEMENT (SECOND) OF CONFLICT OF LAW § 179 cmt. b. (1971). Nothing in this action would preclude her from seeking to intervene in that case.

I agree with Hall that the Illinois action, as the first filed, should go forward. I will stay this case pending the resolution of that action in Illinois state court. The Illinois court will be able to resolve the issues of whether Hall is a proper plaintiff, which wrongful death statute to apply, and whether Patrick may intervene or recover. The wrongful death statutes in Illinois and Missouri are designed to reach a similar goal: to compensate those survivors of the deceased who "naturally suffer the greatest loss." *Mitchell v. United Asbestos Corp.*, 426 N.E.2d 350, 358 (Ill. App. Ct. 1981). I am confident that the Illinois state court is competent to resolve the complicated issues in this case.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **stayed** pending resolution of the Illinois state court case.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot, without prejudice to be refiled upon reopening of this case, if appropriate.

**IT IS FURTHER ORDERED** that the parties shall file a joint notice of any resolution of the Illinois case within **ten (10) days** of its occurrence.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2008.